IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00368-WYD-CBS

CHRISTIANS OF CALIFORNIA, INC., a Colorado Corporation,
    Plaintiff,
v.

CLIVE CHRISTIAN NEW YORK, LLP d/b/a CLIVE CHRISTIAN NYC, LLC, a Foreign Limited Liability Company;
CLIVE CHRISTIAN FURNITURE, LTD, a Foreign Private Limited Company; and
CLIVE CHRISTIAN, an individual,
    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant Clive Christian New York, LLP's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #12), filed March 20, 2012, and Defendants Clive Christian Furniture, Ltd.'s and Clive Christian's Motion to Dismiss (Doc. #16), filed on April 5, 2012. On April 30, 2012, the court allowed Plaintiff to serve ten interrogatories and five requests for production of documents on each Defendant directed solely to personal jurisdiction (Doc. #27). Christians of California, Inc. filed Plaintiff's Response to Defendants' Motion to Dismiss (Doc. #37) on September 7, 2012. On September 24, 2012, the Defendants collectively concluded the briefing process with the filing of their Reply in Support of Defendants' Motions to Dismiss (Doc. #38).

    On April 13, 2012, the court issued a Special Order of Reference to Magistrate Judge (Doc. #25), referring both motions to dismiss (Doc. #12 and Doc. #16) to Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636(b)(1)(A). The court has carefully reviewed the motions, the related briefings and hearings, the entire case file, and the applicable law. For the following reasons, I recommend that the motions to dismiss be denied.

1

## I. BACKGROUND

The Plaintiff, Christians of California, Inc., (COC) is a Colorado Corporation headquartered in Colorado that operates a showroom in Beverly Hills, California. The owner and operator of COC is Richard Delesk, a Colorado resident. COC is an independent distributor of furniture manufactured by Defendant Clive Christian Furniture, Ltd (CCF). CCF is a foreign private limited company organized under the laws of England. Defendant Clive Christian New York, LLP, (CCNY) is a New Jersey limited liability partnership doing business as Clive Christian NYC, LLC, a foreign limited liability company. Defendant Clive Christian is an English citizen and a resident of England.

On December 9, 1998, Clive Christian sent a letter confirming an exclusive dealership agreement with COC. By November 1, 2000, COC entered a franchise agreement with Clive Christian granting COC the exclusive right to market Clive Christian furniture in California. In October 2010, COC was approached by Ms. Lori McCuaig of LMC Design Group on behalf of a potential customer regarding a project to remodel a house located in El Paso, Texas. On July 11, 2011, LMC entered into a *Design Commencement Agreement* paying COC $17,500 to perform design services. Following this agreement, LMC entered into an *Addendum Design Commencement Agreement* paying COC an additional $5,000. Throughout 2011, COC continued working with LMC to design and sell furniture, appliances, wall finishes, ceiling finishes, and other decorations for the house in El Paso, Texas. In the course of working with LMC, COC prepared bids to provide furnishings for the house. The total price of the bids was over three million dollars, with anticipated profits over two million dollars.

COC received its first order from LMC on November 14, 2011, for kitchen appliances. However, on January 19, 2012, COC learned that LMC signed a contract with CCNY to furnish and remodel the remainder of the house in El Paso, Texas. Plaintiff alleges that Mr. Christian knew that COC was relying on the profits from the agreement with LMC and could go out of business if CCNY took the sale. In addition, despite the agreement granting COC exclusive rights to the California market,

CCF has agreed to permit new dealerships to open across California. Plaintiff requests equitable and monetary relief.

## II. STANDARD OF REVIEW

Defendants Clive Christian, Clive Christian New York, LLP, and Clive Christian Furniture, Ltd, move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2). Under Rule 12(b)(2) a court may a grant a motion to dismiss for lack of personal jurisdiction. The plaintiff bears the burden of establishing the court's jurisdiction over the defendant on a motion to dismiss. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). However, during the preliminary stages of the litigation the burden of establishing personal jurisdiction is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). In a case where there has been no evidentiary hearing, the plaintiff can satisfy its burden by making a *prima facie* showing of personal jurisdiction. *Dudnikov*, 514 F.3d at 1070. The plaintiff may make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant. *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). The court accepts as true all well-pled facts that are not merely conclusory. *Dudnikov,* 514 F.3d at 1070; *Wenz*, 55 F.3d at 1505. "[A]ny factual disputes in the parties' affidavits must be resolved in plaintiffs' favor." *Dudnikov,* 514 F.3d at 1070; *see AST Sports Science, Inc.*, 514 F.3d at 1057.

## III. PERSONAL JURISDICTION ANALYSIS

A plaintiff establishes personal jurisdiction over nonresident defendants in a diversity action by demonstrating that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the [D]ue [P]rocess [C]lause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

471-472 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). Because Colorado's long-arm statute extends as far as the constitutional limits of the Due Process Clause, the court has jurisdiction over defendants coextensive with the Due Process Clause. *Benton*, 375 F.3d at 1075; *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002). Colorado's long-arm statute confers jurisdiction over "any cause of action arising from…[t]he commission of a tortious action within th[e] state." Colo. Rev. Stat. § 13-1-124(1)(b). The long-arm statute also confers jurisdiction over "any cause of action arising from…[t]he transaction of any business within th[e] state." Colo. Rev. Stat. § 13-1-124(1)(a).

### A. GENERAL JURISDICTION

Plaintiff implicitly concedes that the court does not have general jurisdiction over Clive Christian New York, LLP. (*See* Doc. #37 at 19 of 29). Therefore, the court need only determine whether it has general jurisdiction over Defendants Clive Christian Furniture, Ltd and Mr. Christian. The basis for general jurisdiction is a defendant's "continuous and systematic" contacts with the forum state, and there is no requirement that the claim at issue be related to those contacts. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (quoting *Dudnikov,* 514 F.3d at 1078). The plaintiff must establish a "substantial connection," *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 109 (1987), through which "the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Burger King Corp.*, 471 U.S. at 475 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). Activities that can be characterized as random, attenuated, or fortuitous, are insufficient to establish general jurisdiction. *Burger King Corp.*, 471 U.S. at 475.

Resolving all factual disputes between the parties' affidavits in the Plaintiff's favor, for the purposes of the instant motions, there is no basis for asserting general jurisdiction over Defendants Clive Christian Furniture, Ltd and Mr. Christian. Christians of California, Inc., stated in its Response to Defendants' Motions to Dismiss that CCF and Mr. Christian regularly conducted business in Colorado for the past thirteen years under the Exclusive Dealership Agreement. (*See* Doc. #37 at 19 of 29).

However, a contract between a resident of the forum state and an out-of-state party is insufficient to establish minimum contacts without additional contacts. *Burger King Corp.*, 471 U.S. at 478. In relation to the Exclusive Dealership Agreement, COC asserts that Mr. Christian and CCF traveled to Colorado for a sales conference. (*See* Doc. #37 at 19 of 29). Although CCF hosted and Mr. Christian attended a sales conference in Colorado, this was a one-time event that has not been repeated since 2004. (*See* Doc. #37-19 at 5 of 12 and Doc. #38-1 at 2 of 3). Isolated or sporadic visits are insufficient grounds for establishing general jurisdiction over a defendant. *Shrader*, 633 F.3d at 1247.

In support of its argument that there is a basis for asserting general jurisdiction over the Defendants, Plaintiff states that CCF and Mr. Christian operated an independent dealership in Colorado between 2001 and 2006. (*See* Doc. #37 at 19 of 29). These earlier contacts with the forum state prior to the events giving rise to the lawsuit do not constitute "continuous and systematic" contact. *See Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1543-1544 (10th Cir. 1996) (living in Colorado several years prior to events giving rise to lawsuit insufficient to establish general jurisdiction). In addition, Plaintiff states that Defendant corresponded with Plaintiff in Colorado. (*See* Doc. #37 at 19 of 29). Mere correspondence with a forum state will not support a finding of general jurisdiction. *Shrader*, 633 F.3d at 1247. The Defendants' correspondence with COC, standing alone, do not indicate that CCF and Mr. Christian purposefully availed themselves of the privilege of conducting business activities in Colorado.

Plaintiff also asserts that Defendants shipped furniture to Colorado. (*See* Doc. #37 at 19 of 29). The Supreme Court continues to support the holding that "mere purchases [made in the forum State], even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2856 (2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984)). Therefore, the shipment of furniture to Colorado is an inadequate basis for asserting general jurisdiction. Additional grounds for

general jurisdiction presented by COC include Defendants' ongoing warranty obligations associated with furniture shipped to Colorado. (*See* Doc. #37 at 19 of 29). "[C]ontinuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear Dunlop Tires Operations, S.A.*, 131 S.Ct. at 2856 (quoting *Int'l Shoe Co.*, 326 U.S. at 318). Although warranty obligations travel with products through many states, Defendants are not subject to general jurisdiction in every state where their products enter the market. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S.Ct. at 2857 n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

Finally, COC argues that advertisements found in nationwide magazines distributed across Colorado support a finding of general jurisdiction. (*See* Doc. #37 at 19 of 29). The placement of ads in nationally distributed magazines does not constitute "continuous and systematic" contacts with a forum state. *See Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001) (citing *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994). Based on the above facts and legal precedent, the court concludes that it does not have general jurisdiction over the Defendants Clive Christian Furniture, Ltd and Mr. Christian.

**B. SPECIFIC JURISDICTION**

Whether a defendant has sufficient minimum contacts with a forum state to support specific jurisdiction is determined by a two-step inquiry. *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007). The first step asks whether the defendant's conduct in the jurisdiction is "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The court may assert specific jurisdiction over a nonresident defendant, if the litigation results from alleged injuries that arise out of or relate to activities the defendant "purposefully directed" at resident plaintiffs in the jurisdiction. *Burger King Corp.*, 471 U.S. at 472. The foreseeability of harm in the forum state by itself is insufficient to establish the minimum contacts needed to establish specific jurisdiction. *Id.* at 474; *World-Wide Volkswagen*

*Corp.*, 444 U.S. at 295. The second step asks whether the maintenance of a suit against the defendant under the Due Process Clause "offend[s] 'traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp.*, 444 U.S. at 292 (quoting *Int'l Shoe Co.*, 326 U.S. at 316). Any exercise of jurisdiction must be reasonable in light of the circumstances surrounding the case. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 113).

In this case Plaintiff brings breach of contract and tort claims against the Defendants. In the tort context, for the purposes of determining minimum contacts, the court asks whether the defendant "purposefully directed" its activities at the forum state. *Dudnikov*, 514 F.3d at 1071. Determining minimum contacts for a contract claim requires the court to ask whether the defendant "purposefully availed" itself of the privilege of "conducting activities or consummating a transaction in the forum state." *Id.* Whether a defendant purposefully directed its activities at Colorado is determined by an examination of both "the quantity *and* the quality of [its Colorado] contacts." *OMI Holdings, Inc.*, 149 F.3d at 1092 (emphasis in original). Establishing "purposeful direction" involves evaluating three factors from the "effects test" under *Calder v. Jones*, 465 U.S. 783, 788-789 (1984). The court asks whether there was "(a) an intentional action . . . that was (b) expressly aimed at the forum state…, with (c) knowledge that the brunt of the injury would be felt in the forum state." *Shrader,* 633 F.3d at 1240 (quoting *Dudnikov*, 514 F.3d at 1072).

Although the "effects test" requires that the defendant committed an intentional act, it is undecided whether the act must also be wrongful or tortious. *See Dudnikov*, 514 F.3d at 1073. Regardless of the appropriate standard, Plaintiff satisfies the requirements for establishing an intentional act. COC's Complaint alleges that Defendants "[w]ith the intent of obtaining a benefit for themselves and harming COC…intentionally and wrongfully interfered with the ongoing business relationship between COC and LMC and/or the owners of the Project." (*See* Doc. #37-27 at 5 of 12). The Plaintiff also alleges in its Complaint that "Defendants breached the Implied Covenant of Good Faith and Fair

7

Dealing by competing with COC, marketing CCNY[] to LMC and/or the owners of the Project and entering into a contract with LMC and/or the owners of the Project." *Id.* at 7 of 12.  In addition, Plaintiff alleges that Defendants made false statements in order to appropriate COC's sales.  *Id.* at 9 of 12.  The allegations in the Complaint concern acts by the Defendants that are wrongful, tortious, and intentional.

The next part of the "effects test" asks whether the defendant's conduct was expressly aimed at the forum state. *Dudnikov*, 514 F.3d at 1072.  The "express aiming" test focuses on the defendant's intentions or the "focal point" of the defendant's conduct, and not where the alleged harm was felt by the plaintiff. *Id.* at 1075.  In making this determination the court may examine "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995) (quoting *Burger King Corp.*, 471 U.S. at 479).  The court may also examine the contacts created by the defendant in committing the alleged tort. *Far West Capital, Inc.*, 46 F.3d at 1079-1080.

COC argues in this case that Defendants expressly aimed their conduct at Colorado. (*See* Doc. #37 at 15 of 29).  Mr. Christian's response to the Plaintiff's limited jurisdictional interrogatories indicated that Mr. Christian has known since 2003 that Mr. Delesk was a resident of Colorado. (*See* Doc. #37-19 at 8 of 12).  Plaintiff states that Defendants directed their activity at Colorado because they knew Mr. Delesk was a resident of Colorado. (*See* Doc. #37 at 14 of 29).  However, a defendant must do more than target a known forum state resident; the forum state must be the focal point of the alleged tort. *Dudnikov, 514 F.3d* at 1074 n. 9; *Wenz*, 55 F.3d at 1508 (experiencing economic consequences in Colorado is insufficient to confer jurisdiction on a Colorado court); *Far West Capital, Inc.*, 46 F.3d at 1079 (alleging that defendant has tortiously interfered with a contract or committed other business torts injuring a forum resident does not necessarily establish minimum contacts).

Although the Plaintiff alleges economic harm felt in Colorado, the focal point of these claims is not Colorado.  Plaintiff's first claim for relief alleges that Defendants intentionally and wrongfully interfered with an ongoing business relationship between COC and LMC. (*See* Doc. #37-27 at 5-6 of

8

12).  COC alleges that Defendants' wrongful interference resulted in lost profits from the remodel project in El Paso, Texas.  *Id.* at 6 of 12.  The second claim for relief alleges that Defendants breached a contract granting COC exclusive rights to market and sell Clive Christian Furniture in California.  *Id.* at 6-7 of 12.  The third claim for relief alleges that Defendants breached an implied covenant of good faith and fair dealing by competing with COC, marketing CCNY to LMC, and entering a contract with LMC for the remodel project in El Paso, Texas.  *Id.* at 7-8 of 12.  The fourth claim for relief alleges that Defendant committed fraud and misrepresentation by stating that Plaintiff had the exclusive rights to market and sell Clive Christian furniture in California, despite the fact that Defendants intended to permit other individuals to sell Clive Christian furniture in California.  *Id.* at 8 of 12.  Defendants' misrepresentation and fraud allegedly induced Plaintiff to spend money marketing and expanding its business in the California market.  *Id.*  In addition, COC alleges that CCF and CCNY stated they would not compete with COC, while intending to appropriate sales from COC.  *Id.* at 9 of 12.  Plaintiff's final claim for reliefs alleges that Defendants engaged in unfair competition under California and Federal law.  *Id.* at 9 of 12.  COC alleges that Defendants engaged in unfair competition by competing directly with COC, stealing COC's sales, and allowing other dealers to open showrooms within COC's exclusive California territory.  *Id.* at 10 of 12.

      The common theme throughout Plaintiff's Complaint is intentional tortious conduct directed at California.  Even if the court assumes Mr. Delesk or Christians of California, Inc., suffered financial harm in Colorado, Defendants' alleged conduct in this case is directed primarily towards California.  Allegations of unfair competition, breach of the exclusivity agreement, or misrepresentation, were directed towards California.  The claims by COC do not arise out of Defendants' conduct in Colorado, and the Defendants did not purposefully direct their conduct at Colorado.  Therefore, the court concludes that it does not have specific jurisdiction over Defendants Mr. Christian, Clive Christian Furniture, Ltd, and Clive Christian New York, LLP.

**IV. TRANSFER**

If a court determines that it lacks jurisdiction to hear a case, under 28 U.S.C. § 1631 "the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (emphasis in original) (quoting 28 U.S.C. § 1631); *see Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006) (discussing district court's discretion to transfer an action or dismiss the action without prejudice). Factors used to determine whether a transfer is in the interest of justice include; "whether claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 at 1251 (citing *Trujillo*, 465 F.3d at 1223 n. 16). It is unnecessary to address all of these factors given the positions taken by the parties in this suit.

The Defendants jointly submit that the court may cure any jurisdictional defects by transferring this case to the Southern District of New York. (*See* Doc. #38 at 9 of 11). The Plaintiff on the other hand believes that transfer would be proper to the Central District of California. (*See* Doc. #37 at 21 of 29). In support of this argument COC stated that CCF will stipulate to jurisdiction in the Central District of California. (*See* Doc. #37 at 22 of 29). However, Mr. Christian and CCNY will not stipulate to jurisdiction in California. (*See* Doc. #38 at 9 of 11). Any transfer to the Central District of California would only prolong the jurisdictional disputes. Despite the apparent disagreement on the appropriate jurisdiction for this lawsuit, Plaintiff requests in the alternative that the court transfer the case to the Southern District of New York. (*See* Doc. #37 at 28 of 29). The Southern District of New York is a jurisdiction where this lawsuit could have been brought at the time it was filed. In light of the Defendants' stipulation to jurisdiction and the Plaintiff's alternative request to transfer the case to the Southern District of New York, an appropriate jurisdiction to transfer this case to is the Southern District of New York.

## CONCLUSION

Accordingly, the court recommends that Defendants' Motions to Dismiss (Doc. #12 and Doc. #16) be DENIED and that, in the alternative, the case be transferred to the Southern District of New York.[1]

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to

---

[1] An additional defendant, Julie Lloyd, was listed in Plaintiff's exhibit 27 (Doc. #37). However, the court need not make a ruling with respect to this defendant because she is not named in the Complaint (Doc. #1).

appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 21st day of December, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge